**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

PATRICIA LOOBY,

                                        **Plaintiff,**

        **vs.**                                             **1:25-cv-00533**
                                                          **(MAD/PJE)**

**SAFECO NATIONAL**
**INSURANCE COMPANY,**

                                        **Defendant.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**BASCH KEEGAN & SPADA, LLP**             **DEREK J. SPADA, ESQ.**
307 Clinton Avenue                        **NICOLE P. BINI, ESQ.**
Kingston, New York 12402
Attorneys for Plaintiff

**GOLDBERG SEGALLA LLP**                  **ASHLYN M. CAPOTE, ESQ.**
665 Main Street                           **JONATHAN SCHAPP, ESQ.**
Buffalo, New York 14203
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Patricia Looby ("Plaintiff") filed this action in New York State court on March

13, 2025, lodging claims of fraud and breach of contract against Defendant Safeco National

Insurance Company ("Defendant"). Dkt. No. 2. Defendant removed the action to this Court on

May 1, 2025, on the basis of diversity jurisdiction. Dkt. No. 1. Thereafter, on June 27, 2025,

Defendant filed a motion to dismiss Plaintiff's complaint. Dkt. No. 9. Plaintiff filed an

opposition to the motion on July 18, 2025, Dkt. No. 11, and Defendant filed a reply on July 25,

1

2025, Dkt. No. 12. Through her opposition, Plaintiff withdrew three related claims for consequential damages, punitive damages, and attorneys' fees. Dkt. No. 11 at 12.

Defendant's motion to dismiss is now before the Court, and it raises two principal arguments for dismissal: (1) Plaintiff's claim is time-barred under the parties' insurance policy, which necessitates dismissal of the entire complaint; and (2) in the alternative, if the complaint is deemed timely, the fraud claim should be dismissed for failure to state a claim. Dkt. No. 9-4 at 6. Although Plaintiff maintains that her complaint is timely and sufficiently pled, her opposition brief includes a request for leave to amend the fraud claim if the Court finds the pleading insufficient. Dkt. No. 11 at 11-12.

## II. BACKGROUND

According to Plaintiff's complaint, her property in Saugerties, New York was burglarized "on or about September 3, 2022 and September 4, 2022 . . . ." Dkt. No. 2 at ¶¶ 11-12. At that time, Plaintiff had an in-effect homeowner's insurance policy through Defendant. *Id.* at ¶¶ 5-6. Plaintiff alleges that the policy "provided coverage . . . for, among other things, theft of personal property, vandalism and losses incurred due to burglary." *Id.* at ¶ 10.

During the burglary, "numerous items were stolen from [Plaintiff's property]." *Id.* at ¶ 12. Accordingly, Plaintiff filed a claim with Defendant and was assigned a claim number. *Id.* at ¶ 13. Plaintiff alleges that although she "fully cooperated[,]" Defendant delayed adjustment of her claim "until on or about January 22, 2025." *Id.* at ¶¶ 14-15. On or around that date, Defendant paid Plaintiff $2,186.61. *Id.* at ¶ 16. Plaintiff contends that her stolen property is worth far more than that, but she does not allege a specific dollar value or describe the stolen property in the complaint. *Id.* at ¶ 17. Ultimately, Plaintiff claims that Defendant breached the terms of the insurance policy by underpaying her. *Id.* at ¶¶ 18-20.

Plaintiff also claims that Defendant defrauded her. To that end, the complaint states that "Defendant fraudulently delayed the adjustment of the . . . claim to prevent [Plaintiff] from commencing litigation against the Defendant." *Id.* at ¶ 23; *see also id.* at ¶ 26 (accusing Defendant of "fraudulently and intentionally delay[ing] adjustment of the Plaintiff's claim until after the passage of the statute of limitations set forth in [the] insurance policy"). Additionally, the complaint alleges that "Defendant made misrepresentations to the Plaintiff while adjusting her claim, specifically that the Plaintiff would be fully and fairly reimbursed for aforedescribed losses." *Id.* at ¶ 24. According to Plaintiff, she "detrimentally relied" on those alleged misrepresentations and "was unaware that the Defendant was not acting in good faith until after" Defendant paid her the unsatisfactory sum. *Id.* at ¶¶ 25, 27.

### III. DISCUSSION

**A.    Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency" of the pleader's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, courts may still consider documents attached to the pleading as an exhibit or incorporated by reference into the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)). A court may also consider documents that are "integral" to the pleading, even if they are not physically attached or incorporated by reference. *See id.* (quoting *Chambers*, 282 F.3d at 152-53). Furthermore:

> Rule 12(b) gives district courts two options when matters outside
> the pleadings are presented in response to a 12(b)(6) motion: the
> court may exclude the additional material and decide the motion on

3

> the complaint alone[,] or it may convert the motion to one for
> summary judgment under [Rule] 56 and afford all parties the
> opportunity to present supporting material.

*Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988). "If, on a

motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded

by the court," the court must convert the motion into one for summary judgment. Fed. R. Civ. P.

12(d). Conversion is not required if the court disregards the extrinsic material. *Cleveland v.

Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all well-

pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI

Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This

presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citation omitted). To survive a motion to dismiss, a party need only plead

"a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft

to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557

(2007). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right

to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are

"plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."

*Iqbal*, 556 U.S. at 678 (citation omitted). A complaint that "pleads facts that are 'merely

consistent with' a defendant's liability" generally does not meet the pleading standard. *See id.*

(quoting *Twombly*, 550 U.S. at 557).

For fraud claims specifically, the Federal Rules of Civil Procedure set forth a "heightened

pleading standard . . . ." *Lumbra v. Suja Life, LLC*, 674 F. Supp. 3d 7, 20 (N.D.N.Y. 2023) (citing

Fed. R. Civ. P. 9(b)).  "The Second Circuit has explained that, in order to comply with Rule 9(b),

'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2)

identify the speaker, (3) state where and when the statements were made, and (4) explain why the

statements were fraudulent.'"  *Id.* (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175

(2d Cir. 1993)).  Allegations of the defendant's state of mind "may be alleged generally."  *Id.*

(quoting Fed. R. Civ. P. 9(b)).  "However, because the court 'must not mistake the relaxation of

Rule 9(b)'s specificity requirement regarding condition of mind for a "license to base claims of

fraud on speculation and conclusory allegations," . . . plaintiffs must allege facts that give rise to a

strong inference of fraudulent intent.'"  *Id.* (quoting *Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 52

(2d Cir. 1995)).  This inference "may be established either (a) by alleging facts to show that

[D]efendant[] had both motive and opportunity to commit fraud, or (b) by alleging facts that

constitute strong circumstantial evidence of conscious misbehavior or recklessness."  *Id.* (quoting

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).

Finally, "federal courts sitting in diversity apply state substantive law and federal

procedural law."  *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996).  Courts in this

circuit have previously followed state substantive law when deciding diversity cases involving

insurance policy disputes, including with regard to statutes of limitation.  *See Endemann v.

Liberty Ins. Corp.*, 390 F. Supp. 3d 362, 370-71 & n.2 (N.D.N.Y. 2019) (collecting cases)

(applying New York substantive law where the insurance policy "was issued to a New York

insured" and the insured property was "located in New York"), *partial reconsideration granted*,

No. 5:18-cv-00701, 2020 WL 5027241 (N.D.N.Y. Aug. 25, 2020).  The Court does the same in

the case at bar, as Plaintiff resides in New York and the insured property is located in New York.

Dkt. No. 2 at ¶¶ 1, 7.  Furthermore, neither party appears to dispute the application of New York

substantive law. *See, e.g.*, Dkt. No. 9-4 at 10 (identifying New York substantive law as the applicable law in this case); Dkt. No. 11 (failing to dispute that identification).

**B.    Timeliness of Plaintiff's Complaint**

Before the Court can reach the complaint's merits, it must address whether Plaintiff's claims are timely. In its motion to dismiss, Defendant argues that the two-year suit limitation in the parties' insurance policy necessitates dismissal of the entire complaint. Dkt. No. 9-4 at 11; *see* Dkt. No. 9-2 at 46.

Although New York's general statute of limitations for breach-of-contract claims is six years, "New York [c]ourts have consistently allowed parties, by written agreement, to impose a shorter period within which to commence an action than that provided by statute[,] so long as the agreed upon limitation is reasonable." *Endemann*, 390 F. Supp. 3d at 370-71 (collecting cases); *see also Farage v. Associated Ins. Mgmt. Corp.*, 43 N.Y.3d 152, 158 (2024) ("We have held that 'there is nothing inherently unreasonable about a two-year period of limitation' . . .") (quoting *Exec. Plaza, LLC v. Peerless Ins. Co.*, 22 N.Y.3d 511, 518 (2014)). Relatedly, courts in this circuit have recognized that in cases where a defendant invokes an insurance policy's suit limitation language, the "[d]efendant has the initial burden of establishing that the limitations period in the [p]olicy expired prior to the commencement of the action." *Endemann*, 390 F. Supp. 3d at 371 (citing *N. Am. Foreign Trading Corp. v. Mitsui Sumitomo Ins. USA, Inc.*, 477 F. Supp. 2d 576, 582 (S.D.N.Y. 2006)); *see also Civic Conversations, LLC v. Mt. Hawley Ins. Co.*, 757 F. Supp. 3d 418, 424-25 (S.D.N.Y. 2024) (quoting *Pfeffer v. Harleysville Grp.*, No. 10-CV-1619, 2011 WL 6132693, *7 (E.D.N.Y. Sept. 30, 2011)). "Once the defendant has met its burden, the plaintiff has the burden 'to aver evidentiary facts establishing that the case at hand falls within an

exception to the limitations period,' such as waiver or estoppel." *Endemann*, 390 F. Supp. 3d at 371 (quoting *N. Am. Foreign Trading Corp.*, 477 F. Supp. 2d at 582).

To rebut the limitations defense, Plaintiff must show "either that the insurer 'engage[d] in a course of conduct which lull[ed] [Plaintiff] into inactivity in the belief that [her] claim [would] be paid' or that [Plaintiff] was 'induced by fraud or misrepresentation to refrain from commencing a timely action.'" *Civic Conversations, LLC*, 757 F. Supp. 3d at 425 (quoting *Plon Realty Corp. v. Travelers Ins. Co.*, 533 F. Supp. 2d 391, 395 (S.D.N.Y. 2008)); *see also Endemann*, 390 F. Supp. 3d at 374.  Generally, "[t]he conduct that purportedly [misled] or lulled Plaintiff into failing to bring a timely action must have occurred within the limitations period." *Endemann*, 390 F. Supp. 3d at 374 (quoting *N. Am. Foreign Trading Corp.*, 477 F. Supp. 2d at 582).  Where a plaintiff points to a defendant's course of conduct that began during the limitations period and continued after the period expired, equitable estoppel might still be warranted if the plaintiff shows that it reasonably relied on the defendant's misrepresentations.  *See Endemann v. Liberty Ins. Corp.*, No. 5:18-cv-00701, 2020 WL 5027241, *3 (N.D.N.Y. Aug. 25, 2020) (citing *Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006)).  Importantly, the New York Court of Appeals has held that conclusory claims of an insurer's misconduct, without specific supporting factual allegations, are insufficient to prevent the insurer from asserting a time limitation defense under an insurance policy.  *See Farage*, 43 N.Y.3d at 160; *see also* Dkt. No. 9-4 at 14; Dkt. No. 12 at 5.

Here, the parties' insurance policy—which is incorporated by reference into the complaint—contains a two-year limitations provision.  Dkt. No. 9-2 at 46 ("Suit Against Us.  No action shall be brought against us [Defendant] unless there has been compliance with the policy provisions and the action is started within two years after the inception of the loss or damage").  Neither party appears to question the reasonableness of the provision.  Likewise, the parties do

not dispute when the limitations period began running.  Indeed, in its motion, Defendant states that "[b]ecause there is no dispute that the burglary occurred September 3 and 4, 2022, and Plaintiff filed her lawsuit March 14, 2025[1] – more than 2.5 years later, the Complaint should be dismissed in its entirety."  Dkt. No. 9-4 at 12.  In her response, Plaintiff does not contest Defendant's suggestion that the limitations period began running when the burglaries occurred. Rather, her position is that the limitations period expired before she discovered any reason to sue, and claims that Defendant's bad-faith conduct caused her to miss the deadline.  Dkt. No. 11 at 5. Accordingly, the main issue of timeliness is whether Plaintiff properly invoked an exception to the limitations period.

Alongside her opposition to Defendant's motion, Plaintiff submitted an affidavit with additional factual allegations absent from the complaint.  However, because this Court has discretion under Rule 12(d) on whether to consider extrinsic material in deciding a 12(b)(6) motion to dismiss, and because formal discovery has not yet occurred, the Court declines to consider factual allegations outside the complaint at this stage.  *See Islip U-Slip LLC v. Gander Mountain Co.*, 2 F. Supp. 3d 296, 305 (N.D.N.Y. 2014) (citations omitted).  Critically, "[f]actual allegations contained in legal briefs or memoranda are . . . treated as matters outside the pleading for purposes of Rule 12(b)."  *Fonte*, 848 F.2d at 25 (citation omitted).  Thus, consideration of the affidavit or factual allegations in Plaintiff's opposition brief would necessitate a conversion of the motion under Rule 12(d), which the Court determines is premature at this juncture.  Accordingly, although the Court has read Plaintiff's opposition papers, only the portions without new factual assertions are considered in the Court's conclusion.

---

[1] Plaintiff's state court complaint is dated March 13, 2025.  Dkt. No. 2 at 4.

In her opposition, Plaintiff argues that equitable estoppel prevents Defendant from invoking the contractual suit limitation. Dkt. No. 11 at 7. As previously mentioned, Plaintiff can "establish estoppel[] '[by offering] evidence that [she] was misled or lulled by . . . [D]efendant into failing to bring [her] claim in a timely manner[,]'" with Defendant's bad-faith conduct "occur[ing] within the limitations period." *Endemann*, 390 F. Supp. 3d at 374 (quoting *N. Am. Foreign Trading Corp.*, 477 F. Supp. 2d at 582). However, the complaint's factual allegations of Defendant's conduct are scarce and fail to specify whether the conduct occurred inside or outside the limitations period (aside from Defendant's eventual payment to Plaintiff in January 2025). For example, Plaintiff alleges in conclusory fashion that "Defendant made misrepresentations to [her] while adjusting her claim, specifically that the Plaintiff would be fully and fairly reimbursed for [her] losses[,]" Dkt. No. 2 at ¶ 24, and "Plaintiff detrimentally relied upon said misrepresentations made to her by the Defendant, by and through its employees and agents," *id.* at ¶ 25. She also claims that "Defendant fraudulently and intentionally delayed adjustment of the Plaintiff's claim until after the passage of the statute of limitations set forth in [the] insurance policy[,]" but does not plead any concrete facts demonstrating such. *Id.* at ¶ 26.

Ultimately, Plaintiff's complaint is devoid any specific facts to show that Defendant fraudulently or intentionally induced or lulled her into missing the suit deadline. Although Defendant did not pay Plaintiff until after the limitations period ended, Plaintiff's complaint does not contain any articulable factual allegations suggesting Defendant intentionally wasted time or deceived her during its investigation. By extension, her complaint does not supply nearly enough facts for the Court to infer that any of Defendant's actions—whatever they may be—were part of an unlawful course of conduct that would warrant equitable estoppel.

Accordingly, Plaintiff's arguments and the factual allegations in her complaint fall far short of the required showing to invoke equitable estoppel. As pled, her entire complaint is time-barred by the limitations period set out in the insurance policy. Because the action is untimely, the Court declines to opine further on the merits of Plaintiff's claim or the sufficiency of her complaint. However, because Plaintiff has not yet amended her complaint, and because the Court did not consider the factual allegations within Plaintiff's extrinsic affidavit or opposition brief, the Court will permit Plaintiff to amend her complaint with additional facts to support her equitable estoppel argument.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 9) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff may file an amended complaint within **THIRTY (30) DAYS** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within **THIRTY (30) DAYS** of the date of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 3, 2025
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

10