**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**PATRICIA LOOBY,**

**Plaintiff,**

**vs.** **1:25-CV-533 (MAD/PJE)**

**SAFECO NATIONAL INSURANCE COMPANY,**

**Defendant.**

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **BASCH KEEGAN & SPADA, LLP**<br>307 Clinton Avenue<br>Kingston, New York 12401<br>Attorneys for Plaintiff | **DEREK J. SPADA, ESQ.**<br>**NICOLE P. BINI, ESQ.** |
| **GOLDBERG SEGALLA LLP**<br>665 Main Street<br>Buffalo, New York 14203<br>Attorney for Defendant | **ASHLYN M. CAPOTE, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

# MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Patricia Looby ("Plaintiff") commenced this action in New York state court on March 14, 2025, against Safeco National Insurance Company ("Defendant"). *See* Dkt. No. 2. Defendant removed the action to this Court on May 1, 2025, asserting diversity jurisdiction. *See* Dkt. No. 1. On June 27, 2025, Defendant filed a motion to dismiss Plaintiff's complaint. *See* Dkt. No. 9. The Court granted that motion on December 3, 2025, and gave Plaintiff thirty days to file an amended complaint. *See* Dkt. No. 13.

Plaintiff filed an amended complaint on December 31, 2025. *See* Dkt. No. 14. Defendant moved to dismiss the amended complaint on February 13, 2026. *See* Dkt. No. 18. Plaintiff opposed the motion, *see* Dkt. No. 19, and Defendant filed a reply, *see* Dkt. No. 20. While the amended complaint does not clearly enumerate each claim, *see* Dkt. No. 14, Plaintiff's opposition brief states that "[t]his is a breach of contract action" and defends the pleading sufficiency of a fraud claim, Dkt. No. 19 at 5, 12-14. For the following reasons, Defendant's motion is granted.

## II. BACKGROUND

The following facts are derived from Plaintiff's counseled amended complaint.

On or about September 3 and 4, 2022, Plaintiff's property in Saugerties, New York was burglarized. *See* Dkt. No. 14 at ¶ 3h. At that time, Plaintiff had a homeowner's insurance policy through Defendant that covered the burglarized property. *See id.* at ¶¶ 3b-3d. She alleges that the policy provided coverage for "theft of personal property, vandalism and losses incurred due to burglary." *Id.* at ¶ 3g. According to the amended complaint, the burglars stole "numerous valuables and items of personal property[,]" some of which were antiques or collector's items, such as "clothing, furniture, appliances, electronics, lawncare equipment, housewares and décor, fine china, porcelain dolls, and artwork." *Id.* at ¶¶ 3i-3k.

Plaintiff filed a claim with Defendant after the burglary. *See id.* at ¶ 3l. She alleges that Defendant requested "photographs and further information regarding the incident and items that were damaged and/or stolen." *Id.* at ¶ 3n. Plaintiff alleges that the only way to obtain the requested evidence was through the Saugerties Police Department, which denied her request while criminal charges against the alleged burglars were still pending. *See id.* at ¶¶ 3o, 3t. She finally obtained the pictures and additional information from the police on July 15, 2024. *See id.* at ¶ 3u.

Plaintiff alleges that Defendant led her to believe her claim would be paused, rather than fully closed, as she waited for the police to provide what she requested. *See id.* at ¶¶ 3p, 3r. However, Defendant allegedly closed her claim. *See id.* at ¶ 3n. Plaintiff alleges that "Defendant led [her] to believe that once the claim was reopened and Defendant received the information [it] requested from the police records that Defendant would be able to evaluate the claim properly and pay Plaintiff for her losses." *Id.* at ¶ 3v. Plaintiff alleges that she dealt with numerous insurance adjusters throughout the process, "but was rarely ever provided with updates on the claims investigation." *Id.* at ¶ 3w.

On January 22, 2025, "Defendant tendered payment in the amount of $2,186.61 representing Plaintiff's losses in connection with her claim." *Id.* at ¶ 3aa. That same day, Plaintiff received a letter from Defendant stating that her claim was closed. *See id.* at ¶ 3x. The following day, one of Defendant's adjustors allegedly emailed Plaintiff's son and stated that Defendant "was still evaluating the claim and looking for more information regarding repairs to the damaged property." *Id.* at ¶ 3z. Plaintiff alleges that Defendant's communications were "contradictory, ambiguous, and confusing[.]" *Id.* at ¶ 3bb. She claims Defendant led her to believe that her claim was still under investigation, and she would eventually be paid more money. *See id.* at ¶ 3cc.

Plaintiff alleges that Defendant breached the insurance agreement by underpaying her for her losses. *See id.* at ¶¶ 3dd, 3ff, 3ii. She also alleges that Defendant "fraudulently delayed adjustment of [her] claim to prevent her from commencing litigation against [it]." *Id.* at ¶¶ 3hh, 3kk. According to Plaintiff, she did not realize until after Defendant issued the unsatisfactory payment that it was not acting in good faith. *See id.* at ¶ 3mm.

## III. DISCUSSION

### A. Legal Standards

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency" of the pleader's claim for relief. *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). Courts may consider the facts alleged in the pleading, as well as documents attached to the pleading as an exhibit, incorporated by reference into the pleading, or integral to the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)). Courts must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim[,]" *see* FED. R. CIV. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570.

The Federal Rules of Civil Procedure set forth a "heightened pleading standard" for fraud claims. *Lumbra v. Suja Life, LLC*, 674 F. Supp. 3d 7, 20 (N.D.N.Y. 2023) (citing FED. R. CIV. P. 9(b)). "The Second Circuit has explained that, in order to comply with Rule 9(b), 'the complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *Id.* (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir.

1993)). The defendant's state of mind "'may be alleged generally.'" *Id.* (quoting FED. R. CIV. P. 9(b)).

Finally, as the Court noted in its December 2025 Memorandum-Decision and Order, "'federal courts sitting in diversity apply state substantive law and federal procedural law.'" Dkt. No. 13 at 5 (quoting *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996)). Neither party appears to dispute that New York substantive law governs. For the same reasons set forth in its decision on Defendant's first motion to dismiss, the Court applies New York substantive law. *See id.* at 5-6.

**B. Timeliness of Plaintiff's Amended Complaint**

Defendant primarily argues that the amended complaint must be dismissed in its entirety because it is untimely. *See* Dkt. No. 18-5 at 12. According to Defendant, Plaintiff's amendments do not address the shortcomings that led to dismissal of the original complaint. *See id.* at 6-7. Plaintiff argues that the amended complaint asserts enough factual allegations to show that equitable estoppel prevents dismissal for untimeliness. *See* Dkt. No. 19 at 7.

As the Court noted in its previous Memorandum-Decision and Order, the parties' insurance agreement contains a two-year suit limitation. *See* Dkt. No. 13 at 7. It reads: "Suit Against Us. No action shall be brought against us [Defendant] unless there has been compliance with the policy provisions and the action is started within two years after the inception of the loss or damage." *See id.*; Dkt. No. 18-2 at 47. The Court previously acknowledged that parties may contractually modify suit limitations to be shorter than standard statutes of limitation, as long as the modified suit limitation is reasonable. *See* Dkt. No. 13 at 6; *Farage v. Associated Ins. Mgmt. Corp.*, 43 N.Y.3d 152, 158 (2024) (citing *Exec. Plaza, LLC v. Peerless Ins. Co.*, 22 N.Y.3d 511, 518 (2014)). Here, neither party appears to dispute the reasonableness or applicability of the two-

year limitations period. *See* Dkt. No. 18-5 at 12; Dkt. No. 19 at 6. They also appear to agree that the two-year period began running when the burglaries occurred, rather than when Defendant paid Plaintiff the unsatisfactory sum.[1] *See* Dkt. No. 18-5 at 13; Dkt. No. 19 at 6, 12.

With the alleged burglaries occurring on September 3 and 4, 2022, the two-year limitations period would have expired by September 4, 2024. *See* Dkt. No. 14 at ¶ 3h. Plaintiff commenced this action in March 2025, approximately six months after the two-year period ended. *See* Dkt. No. 2. Thus, unless Plaintiff's amended complaint alleges facts suggesting that the suit limitation should not be enforced, the cause of action must again be dismissed as untimely.

"Under New York law, the doctrine[] of . . . equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *City of Syracuse v. Loomis Armored US, LLC*, 900 F. Supp. 2d 274, 293 (N.D.N.Y. 2012) (quoting *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007)) (internal quotation marks omitted). To successfully assert the doctrine, Plaintiff "must articulate . . . acts by [Defendant] . . . that prevented [Plaintiff] from timely commencing suit[.]"

---

[1] In an unrelated contract dispute, this Court recently noted that unless the insurance agreement provides otherwise, "'a cause of action for breach of an insurance contract accrues at the time of breach under New York law.'" *JRS Ltd. v. ACE Am. Ins. Co.*, No. 1:25-CV-730, 2026 WL 832623, *9 (N.D.N.Y. Mar. 26, 2026) (quoting *Fabozzi v. Lexington Ins. Co.*, 601 F.3d 88, 93 (2d Cir. 2010)). Courts examine the specificity of the suit limitation language to determine whether this default rule applies. *See id.* Applying New York law, the Second Circuit has stated that the phrase "after inception of the loss," which appears in the parties' insurance agreement in this case, is sufficiently specific to tie the limitations period to the date of the incident instead of the alleged breach. *See Fabozzi*, 601 F.3d at 91. More generic phrasing that mentions a "loss" but omits the word "inception" triggers the default rule and starts the clock at the time of the alleged breach. *See JRS Ltd.*, 2026 WL 832623, at *9 (citing *Fabozzi*, 601 F.3d at 90). Because the parties' agreement specifies that the two-year window begins running at the *inception* of the loss, the controlling caselaw supports the conclusion (undisputed by the parties) that the two-year period started at the time of the September 2022 burglaries. Therefore, Plaintiff's allegation that "[i]t was less than two years from the time that the claim was reopened to the time this lawsuit was filed" is of no legal consequence. Dkt. No. 14 at ¶ 3ee.

*Id.* (citation and internal quotation marks omitted). Although "properly pled[] allegations of equitable estoppel normally create questions of fact which cannot be determined at a motion to dismiss[,]" *Abercrombie v. Andrew Coll.*, 438 F. Supp. 2d 243, 265 (S.D.N.Y. 2006) (citing *Bennett v. U.S. Lines, Inc.*, 64 F.3d 62, 65 (2d Cir. 1995); *Renz v. Beeman*, 589 F.2d 735, 750 n.15 (2d Cir. 1978)), "without adequate pleading, the issue is not properly raised and therefore cannot defeat a motion to dismiss based on statute of limitations grounds[,]" *id.* (citations omitted). "Due diligence on the part of the plaintiff in bringing [an] action . . . is an essential element of equitable relief." *Loomis Armored*, 900 F. Supp. 2d at 293 (quoting *Abbas*, 480 F.3d at 642) (internal quotation marks omitted); *see Simcuski v. Saeli*, 44 N.Y.2d 442, 450 (1978).

In its earlier decision, the Court stated that "Plaintiff must show 'either that the insurer "engage[d] in a course of conduct which lull[ed] [her] into inactivity in the belief that [her] claim [would] be paid" or that [Plaintiff] was "induced by fraud or misrepresentation to refrain from commencing a timely action."'" Dkt. No. 13 at 7 (quoting *Civic Conversations, LLC v. Mt. Hawley Ins. Co.*, 757 F. Supp. 3d 418, 424-25 (S.D.N.Y. 2024)); *see also Satyam Imps., Inc. v. Underwriters at Lloyd's Via Marsh, S.A.*, No. 03-CV-4387, 2003 WL 22349668, *2 (S.D.N.Y. Oct. 14, 2003). The conduct that allegedly misled or lulled Plaintiff into not suing in time "must [have] occur[ed] within the limitations period." *N. Am. Foreign Trading Corp. v. Mitsui Sumitomo Ins. USA, Inc.*, 477 F. Supp. 2d 576, 582 (S.D.N.Y. 2006); *see also Meyer v. Seidel*, 89 F.4th 117, 129-30 (2d Cir. 2023) (affirming dismissal of untimely claims and noting that "[e]quitable estoppel does not revive a limitations period that has already expired").

As Defendant points out, its allegedly confusing correspondence in January 2025 occurred after the two-year limitations period expired. *See* Dkt. No. 18-5 at 17. Other than broadly arguing that Defendant led her to believe that she would eventually be paid more money, Plaintiff

does not address the discrepancy of how Defendant's conduct in January 2025 could have induced her not to sue before the September 2024 deadline. *See* Dkt. No. 19 at 12. Accordingly, those allegations do not support any inference that equitable estoppel is warranted.

As for Defendant's conduct before September 2024, Plaintiff insists that "she was lulled into thinking she did not need to bring a lawsuit" until Defendant's alleged underpayment. *Id.* Despite Plaintiff's argument that Defendant acted "illusive[ly]" as it processed her claim, *see id.* at 11, the amended complaint fails to specify any conduct by Defendant that affirmatively prevented Plaintiff from suing before the deadline. Taken as true, Plaintiff's allegations suggest that the police department's failure to turn over the requested evidence until July 15, 2024, rather than any misconduct on Defendant's part, delayed Defendant's processing of her claim. Even assuming that Defendant wrongly closed Plaintiff's claim while leading her to believe it was only paused until the police provided the requested evidence, the amended complaint alleges that Defendant paid Plaintiff after it received the evidence. The amended complaint does not allege when Plaintiff provided the evidence to Defendant, when Defendant resumed its investigation, or that Defendant ever told Plaintiff the suit limitation was tolled while she waited for the police to provide the requested evidence. Rather, Plaintiff alleges in conclusory fashion, with no supporting factual allegations, that Defendant deliberately waited to pay her after the limitations period expired so she could not sue.

"[S]teps taken by an insurer to investigate a claim do not constitute . . . estoppel." *Satyam Imps., Inc.*, 2003 WL 22349668, at *3; *see also Plon Realty Corp. v. Travelers Ins. Co.*, 533 F. Supp. 2d 391, 396 (S.D.N.Y. 2008) (quoting *Brown v. Royal Ins. Co. of Am.*, 210 A.D.2d 279, 279 (2d Dep't 1994)) ("[D]elay by the insurance carrier in completing its investigation of the claim does not excuse the plaintiff from timely commencing an action . . ."). Moreover, Plaintiff's

dissatisfaction with the amount ultimately paid does not plausibly support an inference that Defendant lulled her into foregoing her right to sue.[2] Accordingly, the Court finds that Plaintiff's amendments to her complaint do not resolve the timeliness issue previously identified. The amended complaint is dismissed in its entirety, with prejudice and without leave to amend.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Defendant's motion to dismiss (Dkt. No. 18) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 17, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge

[2] Plaintiff's opposition brief discusses how intentionally protracted settlement discussions might trigger equitable estoppel. *See* Dkt. No. 19 at 9. However, Defendant correctly points out that Plaintiff never alleges that settlement discussions occurred. *See* Dkt. No. 20 at 8; Dkt. No. 14.